| | |
|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |

| | | |
|---|---|---|
| CASEY EVANS, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| *Plaintiff(s)*, | | |
| v. | | No. __7:20-cv-00173__ |
| SUPERIOR ENERGY SERVICES, INC., | | |
| *Defendant(s)*. | | |

## PLAINTIFF CASEY EVANS'S ORIGINAL COMPLAINT

Plaintiff Casey Evans (referred to as "Evans") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Superior Energy Services, Inc. (referred to as "Superior Energy") who worked as gas lift specialists and tool specialists during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Evans's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Superior Energy violated the FLSA by employing Evans and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Superior Energy willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Evans brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Superior Energy who worked as gas lift specialists and tool specialists during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Evans's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9. Evans is an individual who resides in Taylor County, Texas and who was employed by Superior Energy during the last three years.

10. Superior Energy is a Delaware Corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3140

Alternatively, if the registered agent of Superior Energy cannot with reasonable diligence be found at the company's registered office, Superior Energy may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. An allegation that Superior Energy committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of

Superior Energy or was done in the normal course and scope of employment of Superior Energy's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

12. Superior Energy is an oilfield services company.

13. Superior Energy does business in the territorial jurisdiction of this Court.

14. Superior Energy employed Evans from October 2013 to July 2019.

15. Superior Energy employed Evans as a gas lift specialist and tool specialist.

16. As a gas lift specialist and tool specialist, Evans was responsible for maintaining and servicing oilfield equipment.

17. During Evans's employment with Superior Energy, he was engaged in commerce or in the productions of goods for commerce.

18. During Evans's employment with Superior Energy, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Evans's employment with Superior Energy, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Evans's employment with Superior Energy, the company had an annual gross volume of sales made or business done of at least $500,000.

21. Superior Energy paid Evans on a salary-plus-daily-job-bonus basis.

22. Superior Energy paid Evans on a biweekly basis by direct deposit.

23. During Evans's employment with Superior Energy, he regularly worked in excess of forty hours per week.

24. Superior Energy knew or should have known that Evans worked in excess of forty hours per week.

25. Superior Energy did not pay Evans for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, Superior Energy paid Evans on a salary-plus-daily-job-bonus basis without overtime.

27. Evans was not exempt from the maximum hour requirements of the FLSA.

28. As a gas lift specialist and tool specialist, Evans's primary duties were nonexempt.

29. As a gas lift specialist and tool specialist, Evans's primary duties did not include office or nonmanual work.

30. As a gas lift specialist and tool specialist, Evans's primary duties were not directly related to the management or general business operations of Superior Energy or its customers.

31. As a gas lift specialist and tool specialist, Evans's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32. As a gas lift specialist and tool specialist, Evans did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33. As a gas lift specialist and tool specialist, Evans was, instead, required to follow Superior Energy's policies, practices and procedures.

34. As a gas lift specialist and tool specialist, Evans did not have any independent authority to deviate from Superior Energy's policies, practices and procedures.

35. Superior Energy knew or should have known that Evans was not exempt from the maximum hour requirements of the FLSA.

36. Superior Energy willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37. During Evans's employment with Superior Energy, the company did not maintain accurate time and pay records for Evans as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38. During Evans's employment with Superior Energy, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39. Superior Energy continued the pay practice(s) complained of by Evans without investigation after being put on notice that the pay practice(s) violated the FLSA.

40. Superior Energy has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

41. Prior to this lawsuit, Superior Energy conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Evans.

42. Because Superior Energy willfully violated the FLSA, the company is liable to Evans for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

43. As a result of the FLSA violation(s) described above, Superior Energy is liable to Evans for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44. All gas lift specialists and tool specialists employed by Superior Energy during the last three years are similarly situated to Evans because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Superior Energy under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

45. Evans adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. During Evans's employment with Superior Energy, he was a nonexempt employee.

47. As a nonexempt employee, Superior Energy was legally obligated to pay Evans "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

48. Superior Energy did not pay Evans "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

49. Instead, Superior Energy paid Evans on a salary-plus-daily-job-bonus basis without overtime.

50. If Superior Energy classified Evans as exempt from the maximum hour requirements of the FLSA, he was misclassified.

51. As a result of the FLSA violation(s) described above, Superior Energy is liable to Evans for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52. Evans adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. Superior Energy willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54. During Evans's employment with Superior Energy, the company did not maintain accurate time and pay records for Evans as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

55. During Evans's employment with Superior Energy, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

56. Superior Energy continued the pay practice(s) complained of by Evans without investigation after being put on notice that the pay practice(s) violated the FLSA.

57. Superior Energy has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

58. Prior to this lawsuit, Superior Energy conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Evans.

59. Because Superior Energy willfully violated the FLSA, the company is liable to Evans for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

60. Evans adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61. On information and belief, other employees of Superior Energy have been victimized by the FLSA violation(s) described above.

62. These employees are similarly situated to Evans because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

63. Superior Energy's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64. Since Evans's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65. For these reasons, Evans requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All gas lift specialists and tool specialists employed by Superior Energy during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-daily-job-bonus basis without overtime.

66. Superior Energy is liable to Evans and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

67. Evans has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

68. Evans adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69. Evans is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70. Evans is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71. Evans has retained the professional services of the undersigned attorneys.

72. Evans has complied with the conditions precedent to recovering attorney's fees and costs.

73. Evans has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74. The attorney's fees and costs incurred or that may be incurred by Evans were or are reasonable and necessary.

75. Superior Energy is liable to Evans and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

76. Evans demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Evans for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against Superior Energy in Evans's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against Superior Energy in Evans's favor both individually and on behalf of the putative class members.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 675
        Houston, Texas 77002-1063
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        By: *Melissa Moore* (signature)
        Melissa Moore
        Tex. Bar No. 24013189
        me@law.com
        Curt Hesse
        Tex. Bar. No. 24065414
        curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
renu@mooreandassociates.net